## Patients in State Mental Hospitals.

Schnader, Special Dep. Att'y-Gen., June 6, 1930.—We have your request to be advised with respect to the rate which it is the duty of your department

to collect from the counties for the maintenance of patients committed to state mental hospitals while awaiting trial for crime.

You call our attention to the fact that section 308 of the Mental Health Act of July 11, 1923, P. L. 998, expressly provides that the expense of maintaining insane prisoners who have been convicted of crime is payable in full by the county liable for the maintenance of the prisoner in the prison from which he was removed.

This same section of the Mental Health Act clearly applies also to cases in which persons are committed to state mental hospitals while awaiting trial and, therefore, before conviction.

The first words of the section are: "When any person detained in any prison, whether waiting trial or undergoing sentence, or detained for any other reason (e. g., as a witness)," shall require treatment in a mental hospital he shall be committed according to the procedure set forth in the section. Thus it will be seen that this section applies with equal force to prisoners awaiting trial and to those undergoing sentence.

The section continues:

"The expense of examination, including the fees of physicians or commissioners, and all costs incident to such removal, and of maintenance in the hospital previous to the expiration of sentence, shall be paid by the county liable for the maintenance of the patient in the prison from which he was removed, without recourse against any poor district."

The words "previous to the expiration of sentence" cannot possibly be construed to limit the application of the quoted paragraph to cases where persons accused of crime have been convicted and are removed to mental hospitals while undergoing sentence.

You call our attention to sections 502 and 507 of the Mental Health Act as relevant to the consideration of the question you ask.

Section 502 applies to the commitment of persons accused of crime, but who are out on bail awaiting trial, or of prisoners who before or during trial are found or thought to be insane. This section provides that the expense of commitment and removal to or from a hospital for mental diseases shall be paid by the county in which the person or prisoner is committed, and permits the county to recover the expense from the estate of the patient or the persons liable for his support, but not from any poor district. This section is not in any way inconsistent with section 308.

Section 507 expressly provides that "the expenses of the care and maintenance, including clothing, of insane prisoners shall be paid in the same manner as the costs of commitment of such prisoner, as provided in section five hundred and two of this act: Provided, That if the term of sentence of any prisoner shall expire while he is still a patient in any hospital, such expenses shall thereupon become chargeable as provided in section five hundred and three of this act."

This section also is consistent with section 308, but it places a limitation upon the application of section 308 in the case of patients who have been convicted of crime and removed to state mental hospitals while undergoing sentence. The section expressly provides that after a sentenced prisoner's term has expired, if he continues as a patient in a state mental hospital, the cost of maintenance shall be collected after the expiration of the term as in the case of patients committed while not awaiting trial or undergoing sentence for crime. Therefore, we advise you:

(1) That it is the duty of your department to collect from the counties the full cost of maintenance of patients committed to state mental hospitals while

in custody because they are charged with crime or because they have been convicted of crime or because they are being held as material witnesses to crime. The only exception is that in the case of persons undergoing sentence the county's liability for the full cost of maintenance expires when the term of sentence of the patient has come to an end. Thereafter it is your duty to collect the cost of maintaining the patient as in the case of patients committed while free from any charge of crime.

(2) That in the case of persons committed to state hospitals while out on bail awaiting trial for crime it is your duty to collect the full cost of maintenance from the counties as long as the patient remains in the institution.

From C. P. Addams, Harrisburg, Pa.